Filed 10/20/22  P. v. Argueta CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SERGIO ARGUETA,<br><br>Defendant and Appellant. | C094139<br><br>(Super. Ct. Nos. 11F316,<br>20HB2634) |

In 2012, a jury convicted defendant Sergio Argueta of assault by means of force likely to cause great bodily injury, and battery resulting in serious bodily injury.  The trial court found that defendant had prior strike convictions and a prior prison term, and sentenced him to a determinate term of one year and an indeterminate term of 25 years to life in prison.  (*People v. Argueta* (Dec. 10, 2014, C071454) [nonpub. opn.] (*Argueta*).)

Defendant subsequently petitioned the trial court for resentencing under Penal Code section 1170.126,[1] but the trial court denied resentencing, concluding defendant posed an unreasonable risk of danger to public safety.

---

[1]  Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends (1) the trial court abused its discretion by denying resentencing based on his criminal history alone, (2) the trial court made factual mistakes regarding the circumstances of his current crime, and (3) because the trial court's denial was not supported by substantial evidence, it violated his due process rights. Finding no abuse of discretion, factual mistake or legal error, we will affirm the trial court's order denying resentencing.

## BACKGROUND

The facts underlying defendant's convictions are taken from *Argueta, supra*, C071454, this court's unpublished opinion in his previous appeal. We granted defendant's motion to incorporate by reference the record on appeal in *Argueta*.

In 2011, when defendant was 24 years old and on parole, he attacked a security guard during a fight at a casino. Surveillance footage showed defendant approach the guard while the guard was engaged with another individual on the ground. Defendant looked both ways, raised his foot high, and stomped on the back of the guard's head. A second man kicked the guard in the face immediately after defendant. A witness described the second kick as a full-energy foot kick but the guard could not say whether the stomp or the kick was more powerful. (*Argueta, supra*, C071454.)

In 2012, a jury found defendant guilty of assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(1)) and battery resulting in serious bodily injury (§ 243, subd. (d)). In a bifurcated proceeding, the trial court found true allegations of two prior violent or serious felony convictions and a prior prison term (§§ 667, subds. (b)-(i), 667.5, subd. (b)). The trial court denied probation and sentenced defendant to state prison for 25 years to life on the assault conviction due to defendant's two prior strikes, plus one year for the prior prison term. The sentence on the battery count was imposed but stayed pursuant to section 654. This court affirmed the judgment. (*Argueta, supra*, C071454.)

2

On July 25, 2014, defendant filed a petition for resentencing under section 1170.126. The trial court granted hearing on the petition, but on December 22, 2014, the trial court stayed the hearing pending decision by the California Supreme Court in *People v. Atkins* (2014) 229 Cal.App.4th 536 [review granted Nov. 12, 2014 (S221786), review dismissed Oct. 14, 2015, in light of the decision in *People v. Johnson* (2015) 61 Cal.4th 674].[2]

When the hearing on his petition was not forthcoming, defendant filed a petition for writ of habeas corpus in the trial court, requesting a hearing on his resentencing petition. The trial court granted defendant's habeas petition on October 19, 2020, ruling that he was eligible for a hearing. On April 12, 2021, the trial court heard the matter and denied resentencing, concluding that defendant posed an unreasonable risk of danger to public safety.

Defendant obtained a certificate of probable cause, and this appeal was fully briefed in August 2022.

---

[2] In appellant's opening brief, counsel for appellant writes that after the stay order on December 22, 2014, defendant's case "fell through the cracks." Defendant wrote many letters to the trial judge asking about the status of his hearing, and the trial judge responded by letter a number of times. It appears that as late as February 2018, the trial judge and the deputy public defender believed the *Atkins* case was still pending in the California Supreme Court, even though review had been dismissed in 2015. However, later in 2018 the trial judge indicated she did not know which *Atkins* case defendant was referencing. Defendant had to file a habeas petition to finally obtain a hearing. Although it is problematic and unfortunate that defendant had to wait more than six years for his hearing, and had to file a habeas petition to finally get one, it appears defendant does not assert the delay as an issue in this appeal. And given our resolution of his contentions in this appeal, there is no showing of actionable prejudice.

DISCUSSION

I

Defendant contends the trial court abused its discretion by denying resentencing based on his criminal history.

A

Proposition 36, the Three Strikes Reform Act of 2012, created a procedure for certain inmates serving an indeterminate third-strike sentence to petition for modification of their current sentences. (§ 1170.126.) The period to petition for resentencing expired on November 7, 2014. (§ 1170.126, subd. (b).) Since then, an inmate may only bring a petition under section 1170.126 based on a showing of good cause. (*Ibid*.)

Once the trial court determines the inmate is eligible for resentencing, it must resentence the inmate unless it decides resentencing would pose an unreasonable risk of danger to public safety. (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1299.) The determination of whether an inmate currently poses an unreasonable risk of danger to public safety is a discretionary one, and the facts upon which such a decision is based must be proven by the People by a preponderance of the evidence. (§ 1170.126, subd. (f); *People v. Frierson* (2017) 4 Cal.5th 225, 239.) In making this decision, the trial court may consider: "(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).) But a trial court cannot deny resentencing under section 1170.126 based solely on immutable facts such as a petitioner's criminal history unless those facts support the conclusion that the petitioner continues to pose an unreasonable risk of danger to public safety. (*People v. Buford* (2016) 4 Cal.App.5th 886, 914.)

4

We review a trial court's decision under section 1170.126 for abuse of discretion and review the facts upon which the trial court's finding of unreasonable risk is based for substantial evidence. (*People v. Frierson, supra*, 4 Cal.5th at p. 239; *People v. Strother* (2021) 72 Cal.App.5th 563, 571.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

B

At the hearing on defendant's petition for resentencing, defendant's trial counsel asked the trial court not to focus on defendant's behavior when he was younger, but rather the man he has become. The trial court indicated it had reviewed the material provided to the court, including the information supplied by defense counsel.

The trial court referenced defendant's criminal history prior to the current offense, noting that while he was out on bail on charges that involved gangs and possession of a short-barreled shotgun, he went to a party where there was a fight between gangs and he stabbed an individual four times. The trial court said defendant was described as the leader of a group that went to the party and that he violated parole. The trial court also considered the People's argument that defendant could do well in a structured prison environment but could nevertheless commit violent crime upon release into the community.

The trial court then discussed the seriousness of defendant's assault on the security guard. The trial court saw the evidence presented at the trial and personally observed that the manner in which defendant stomped on the guard could have resulted in a homicide. The trial court said defendant had suggested it was a kick from another individual that caused the problem, but in any event, if defendant did connect with victim he was sorry. The trial court added that while in prison, it appeared defendant engaged in an attack on another inmate, striking him in the head while he was down. But the trial court said it did not give much weight to that matter.

5

The trial court noted that more recently, as defendant got older, he participated in the opportunities available to him in prison.  The trial court said that was good for him.

Nevertheless, the trial court denied resentencing, finding that defendant posed an unreasonable risk of danger to public safety.

C

The record shows that the trial court did not merely consider defendant's criminal history.  It reviewed and considered materials that had been presented to the court and it heard argument from counsel.  Among other things, it considered defendant's prior performance on parole, the seriousness of his assault on the security guard, and his conduct in prison, including the efforts he made to avail himself of opportunities there.  Moreover, the trial court is presumed to have considered all relevant factors absent an affirmative record to the contrary.  (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

Defendant nevertheless argues the trial court failed to consider that he had not had any disciplinary violations during his current prison term, instead reaching back more than 10 years to a disciplinary violation during a prior prison term.  He complains that the trial court misconstrued the record by describing the incident as an assault on a cellmate when the prison merely categorized it as fighting.

However, the People's opposition to resentencing and its pertinent exhibit stated that the incident took place during a prior prison term.  And the trial court noted that the prison had described the incident as fighting.  But after reviewing the report, which stated that defendant struck his cellmate in the head and upper torso while the cellmate was lying face down on the ground, the trial court said it seemed more like defendant had attacked the cellmate.

Defendant further argues the trial court minimized his rehabilitative efforts by stating he availed himself of the opportunities more recently when the law had changed.  The record shows defendant participated in more rehabilitative programming during his current prison term than he did in his prior prison term.  And the trial court said the

6

increase in participation was good for defendant and the trial court was "glad" defendant was able to do that.

Defendant argues the trial court's comments turned his efforts at rehabilitation into a liability. But his focus on isolated remarks misses the broader point the trial court was making. It was appropriate for the trial court to consider defendant's rehabilitative efforts along with other information in exercising its discretion.

In addition, defendant asserts the trial court failed to consider the passage of time or the changes in defendant's psychological and mental attitude since 2011. However, his counsel expressly asked the trial court to consider the man defendant had become and the trial court indicated affirmatively that it had considered the material provided by defendant. On this record we must presume the trial court considered the required factors.

## II

Defendant next argues the trial court made factual mistakes regarding the circumstances of his current crime. But a review of the record shows otherwise.

He contends the trial court erroneously stated he had some sort of thick rasp instrument and stomped on the security guard more than once. But that is not what the trial court said. The trial court was suggesting that defendant "stomped" on the security guard so bad that it was as if defendant had a thick rasp instrument. It was merely an expression of the severity of the assault; the trial court said "that's how bad it was."

Defendant further argues the trial court incorrectly said defendant delivered a full energy kick to the security guard's head even though this court's opinion in *Argueta* said the full energy kick was delivered by the second assailant. Again, however, the trial court was describing the severity of the assault, and this court's opinion said the security guard could not say which blow was more powerful. (*Argueta, supra*, C071454.) The trial court was aware of the second kick, noting that defendant had claimed that the second kick was the one that caused the problem.

7

In addition, defendant asserts the trial court's statement that the security guard "easily could have been dead" was not supported by evidence because the guard "suffered a mild concussion and a bruised jaw." However, the trial court said it saw the evidence of how defendant stomped on the guard, and it was within its discretion to conclude that the assault was serious.

Defendant also suggests the trial court believed he would have been charged with serious and violent felonies but for the passage of Proposition 36. Although the trial court made remarks about the seriousness of defendant's assault and changes in the law, we do not understand the comments to indicate a misunderstanding of applicable law, an error in fact or law, or an abuse of discretion.

The trial court's decision was supported by substantial evidence.

### III

Defendant further claims that because the trial court's denial was not supported by substantial evidence, it violated his due process rights. Having concluded the trial court's denial of resentencing was supported by substantial evidence, the contention lacks merit.

### DISPOSITION

The trial court's order denying resentencing is affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
HOCH, J.

/S/
BOULWARE EURIE, J.

8